Case 4:20-cv-00125-BRW-BD   Document 2   Filed 02/05/20   Page 1 of 17

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Feb 5, 2020
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
WESTERN DIVISION.

20-5028 TLB/ELW

WILLIAM E. SMITH
                Plaintiff,                    CIVIL ACTION NUMBER
VS.
LANCE BONDS, et.al.                           AMENDED COMPLAINT
                Defendants,                   Fed.R.Civ.P. 7.2

PLAINTIFF WILLIAM E. SMITH SUBMITS HIS AMENDED COMPLAINT PURSUANT TO 42USC.1983. F.R.C.V.P. 7.2

1. JURISDICTION: Jurisdiction is conferred on this Court pursuant to 42 U.S.C. 1983, 28 U.S.C. 1331 §§ 1332 in a diversity action, defendants and Plaintiff are U.S. Citizens.

2. VENUE: Venue is conferred on this Court since the acts, or omissions alleged to have occurred did occur entirely within Mountain View Arkansas, also defendants principal place of business in Stone County, Arkansas.

3. PLAINTIFF: Plaintiff WILLIAM E. SMITH, pro se, is currently a prisoner of the State of Ohio housed at the Belmont Correctional Institution, at 68518 Bannock Rd, P.O. Box 540 St. Clairsville Ohio, 43950, he was also a citizen of Mountain View Arkansas for Two years, also a prisoner at the Stone County Detention Center (Jail) at all times relevent to this Complaint.

pg. 1 of 14

pg. 2          <u>COMPLAINT</u>

4. DEFENDANTS: Stone County is not an individual defendant in this action, all state actors are sued in their individual capacitys for damages beginning with...

5. DEFENDANT NO. 1; [UNKNOWN STONE COUNTY DISTRICT COURT JUDGE][hereinafter Judge Doe]. presiding in case No. TR19697, on 09/09/2019, is a duly elected municipal court Judge having precided in the above case, his principal place of business is at... courthouse address. [221 Blanchard St. A, Mountain View AR 72560.]

6. DEFENDANT NO. 2; [LANCE BONDS] is the duly elected sheriff of Stone County, Arkansas his principal place of business is at... 1009 Sheriff's Drive, Mountain View Arkansas. 72560.

7. DEFENDANT NO. 3, [Deputy GREEN] is the appointed Jail administrator at the Stone County Detention Center, his principal place of business is at... 1009 Sheriff's Drive Mountain View Arkansas, 72560.

8. DEFENDANT NO. 4, [Nurse Jane Doe] is a nurse at the Stone County Detention Center, (may be a medical contractor) but whom's principal place of business is at... 1009 Sheriff's Drive, Mountain View, Arkansas. 72560.

9. Plaintiff reserves right to amend additional defendants

ft. nt. 1, Nurse Doe is the nurse who at all times relevent failed to administer the most basic medical assistance to Smith, and only appeared one time when ordered by Def. Green to sign Smith's medical release form so he could be extradicted in his condition

pg. 2 of 14.

pg. 3.                    COMPLAINT

10. Plaintiff [herein after Smith]; is stating a claim that the listed defendants (1-4) violated his civil Rights while being held at the Stone County Detention Center (Jail) located in Mountain View Arkansas 72560, between the dates of 09/07/2019 thru 09/15/2019, in a series of predict acts, and omission, while acting in bad faith.

11. Primarily, Smith claims through a series of clandestine jail based deprivation(s), he was denied access to the courts, denied the most basic raw materials to perfect a habeas Corpus petition (pencil, paper), denied any vital Medical/Mental health assistance between the above dates.

12. In addition, Smith claim he was subjected to forms of vindictive retaliation by (def. No. 3, Lt. Green), for Smith's exercise of the Jails "defacto" grievance system and attempts to access the courts, and verbal complaints.

13. Finally, Smith claims (def No.1, Judge Doe); abused his Judicial discretion when refusing to accept Smith's "Legally sufficient" petition for habeas Corpus relief for "condition of confinement" on 09/13/2019. Smith had managed to draft on the reverse side of his I.C.U. medical files (Ms. Honeycutt had delivered to the Jail) with a 1-inch pencil and smuggled the completed petition into court for notarizing and filing. This violated Smith right to due process and equal protection of law as guaranteed him by the 1st, 5th, and 14th amendments to the U.S. Constitution, Resulting emotional injury.

pg. 4.                   COMPLAINT

14. More specifically Smith claims defendant No. 2 Sheriff Lance Bonds has failed to maintain (ACA.) American Correctional Standards, and State of Arkansas standards on jails at the Stone County Detention Center, in favor of a Clandestine inhouse policy, preference, custom or habit of applied Label faction, upon prisoners (particularly Smith); with little oversight.

15. On 09/07/2019, Smith was pulled over on state Route 14 East by Trooper [M. Jason] in his girlfriends jeep for a cracked windshield, upon further inquiry it was found Smith's drivers License had expired, and a parole violation warrant appeared from Ohio.

16. Smith advised the trooper he was a subject of a brutal assault by [Larry Hunter], part of a criminal enterprise Smith had been helping the Sheriff's Dept. primarily [Lt. Dammon McGuilton] to obtain information on, after a series of burglaries, thefts, and arsons in the Round Mountain (Big Flats) Arkansas area (Hunter) and another subject pulled up on Smith at his girlfriend's house on Round Mountain and assaulted Smith with a big rock, causing (14) broke Ribs, a neck fracture, and serious head trauma requiring (11) staples, double-fracture to his (R) foot, and a torn (L) knee, on June 1, 2019, after finding out Smith was advising (Lt. McGuilton) as to (Hunter's) illicit drug (Meth) activities, and criminal mischief, (Hunter) Fled after the assault and was found by...

pg. 5      COMPLAINT

the U.S. Marshal one week before Smith's arrest on 09/02/19, Smith at all times relevent was a state witness against (Hunter) and (Wallas) at the time he was lodged in the Stone County Jail.

17. Lt. D. McGuilton pulled up at the traffic stop scene and advised the Trooper he had previously [sic] "ran" Smith for warrants on at least three ocassions and none appeared, equally Smith had been stopped by state police on state Rt. 14 and no warrant appeared back in May of 2019, (raising question as to it's tardy appearance): this fact is relevent to Smith's desire to fight extradition to Ohio (as he has on other ocassions)

18. Upon entry to the Jail the Trooper advised the Jail intake officer [Mckenzie  ]; that Smith is to be seperated from (Hunter), and has serious current medical issues (records Reflect), but do to overcrowding...

19. The intake officer then had Smith placed in the Jails Intake-Segregation unit with (7) other prisoners, on the concrete floor inspite of Smith's injuries causing severe pain and suffering which continued day to day, Smith's oral complaints were taken as frivilous or ignored for medical assistance.

20. Smith was unable to use the Jails kiosh electronic grievance system for (3) days until his code was inserted into it, and he made request for medical assistance... which went unanswered. by (def. No. 4 Nurse Doe).

pg. 5 of 14

pg.6                    COMPLAINT

Smith's Request for mental health assistance also went unanswered on the units kiosh electronic filing system leaving Smith whom is diagnosed with chronic P.T.S.D. and stress related issues from both Military and civilian trauma, that would shock the conscious of this Court. to fend for himself until released.

21. Smith is a skilled Legal Clerk for 20 years and familar with the ramifications of 42 U.S.C. §1997 et seq. Smith claims just because a grievance system existed at the Stone County Jail doesn't mean it was adequately functioning at Least in this case, which resulted in Smith Sending direct notice or "written complaint" to (def. NO. 2 Bonds) on or about 09/13/2019, via the Jailer whom said he did drop off at def. NO. 2's office, see, Prior civil action Notice

[NOTE: Smith was prevailing party plaintiff in Two federal civil pro se actions, and one state tort action]

22. Smith filed grievance on the kiosh regarding his Lack of Medical/Mental health assistance to (def. NO. 3) and he was not provided any writing materials, and received no response, Smith's oral complaints were ignored

23. More importantly Smith was still under doctors care for his serious injuries and again electronically filed notice to (def. NO. 4) of his scheduled nuerological exam for his severe head injury in Batesville Medical Center on 09/13/19, and again no Reply, this constitutes ...

pg. 7. COMPLAINT

a deliberate Indifference to Smith serious condition, from def. No. 3 and def. No. 4, regarding Smith's I.C.U follow-up. Note: Smith spent 3 days in I.C.U after the [Hunter assault] relevant to Smith's emotional distress, being housed within an ear-shot of Hunter "who was using the Jails air duct system", to yell over at his (5) buddies in Smith's cell unit unaware of Smith's presence "at that time" (until def No 3, made it known)

24. On 09/12/19. Smith was to appear in Stone County, district court in case No. TR 19697, before (def No. 1) (Judge Doe); in the outcome Smith was given a small $134 fine for the license violation, and Judge Doe addressed the second issue of a detainer warrant from Ohio, and asked Smith if he wished to waive extradition proceedings. (Records Reflect);...

25. Smith stated "in open court" in the presence of the assist. Stone county district attorney, the Judge, the clerk of court, and no less than 50 citizens that he is "fighting extradition", that he had completed the Ohio sentence. (records Reflect); (Smith owed Ohio 158 days) unknown

26. Moreoverly, Smith displayed his pro se habeas petition and demanded the clerk notarize and accept it for filing that Jail's not assisting him in Legal matters, Judge Doe, Refused Smith's demand and handed the bailif (deputy) a form stating "here's your habeas Mr. Smith", and the bailif brought it to Smith... who believed it was a habeas application...

pg. 7 of 14

pg. 8.

while the Court was still addressing Smith by stating "Your petition can be presented in the circuit Court Mr. Smith", at which time Smith looked down at the form Judge Doe presented him which Smith believed was a "duration of confinement" habeas application connected the interstate compact agreement and unintelligently signed it without first reading it, (and actually signed a waiver of extradition) form. [It would be necessary to obtain the official minutes of that proceeding to verify plaintiff's position.] [Note: It is unclear to Smith if Judge Doe had accidently handed the ballif the wrong form, or he was actually being vindictive acting in bad faith?]

27. Nevertheless, the end result was a complete denial of due process and equal protection to Smith in formal proceedings effecting substantial rights of plaintiff.

28. It is noteworthy that def No. 3, (Green) first attempted to place Smith and Hunter together when he knowingly and maliciously placed Smith in the same holding area with Hunter when preparing for Court. Hunter then noticed Smith and stated "I'm getting life because of you" (3-strikes Law). Smith notified the Deputy that he has a seperation from Hunter, and over Lt. Greens objections Smith was placed in the deputy's car, the same deputy present at the assault scene on 06/01/19, and Transfered Smith to Court (witnessed this incident) on both occassions.

pg. 9.                    COMPLAINT

29. Def. no. 3 Green, Transported Hunter and another inmate to court, after Smith's and Hunter's hearings were completed. Lt. Green reappeared in his vehicle and demanded Smith to get in his vehical with Hunter and the other prisoner, Smith noticed Lt. McGuilton's vehical pull up and he advised Green he would Transfer Smith being familar with the situation, and

30. Def. no. 3 Green told Smith who was walking towards Lt. McGuilton's cruiser, "stop! no your getting in my vehicle", Smith stated "not with Hunter I'm not", at this point def. no. 3 Green Reached Towards his weapon and told Smith "to get in his cruiser", causing the unwarranted and unnecessary infliction of great emotional distress and fear in light of his current condition, and the fact he's now in reach of the man who tried to bash his head in just weeks ago.

31. Def. no. 3 Green's Reckless disregard for Smith's welfare and safety became evident when smiling and advising Smith "the squeaky wheel gets the grease", this inappropriate comment by Green is characterized as relating to Smith's exercise of protected conduct to (ie. access to the Court and filing grievances), and considered retaliation by Green to "chill" Smith from any further practice. which certainly worked and Smith feared additional retaliation if he continued to grieve his conditions of confinement on 09/12/19. to 09/15/19

pg. 9 of 14

pg 10.                    COMPLAINT.

[Smith advised Hunter he'll have intimindation charges added]

32. Upon return to the Jail Green gave a cigerette to Hunter whom laughed and joked with Green (video camera reflect); Smith had been exposed to Hunter 3 ocassions on 09/13/19. and threatened by Green in a gross abuse of his official discretion cannot be considered harmless without a conference.

33. On 09/15/19, (Sunday) was the first time Smith became aware he inadventinently signed a waiver form when def. Green appeared with a Jailer and told Smith (P.T.S.) was here to transport him to Ohio, and Smith stated "they're not here for me I didn't waive extradition", and I'm due in circiut Court Tomorrow."

34. Unknown to def. Green is Smith was a co-plaintiff in federal district Court in Nashville TN. against (P.T.S.) and (U.S.C.); Joshua Turner and William Smith vs. P.T.S. and U.S.C. case no 3:17 CV 1260. and showed Green the last case pleading he received in that case stamp filed by the U.S. district clerk, P.T.S. had crashed the van with Smith and 7 other prisoners on board shackled and handcuffed on [I-85] outside alanta Ga, once the new P.T.S. drivers were made aware of this, and of Smith's current medical condition they told Green they did not want to transport Smith. (As they advised Smith)

35. Def. Green however made def no. 4 (Nurse Doe): to sign a medical clearence form which she did without so much as taking Smith's blood pressure.

pg. 10 of 14

pg. 11                    COMPLAINT

which was probably at stroke level, and signed off, over Smith's objections and Smith specifically told Nurse Doe "if you clear me for transport in my condition because he (Green) told you to, that I will sue you", She (Nurse Doe) stated "I don't care". In the presence of a female Jailer/dispatcher

36. Def. Green then told Smith "you either load up on that van or I'll Taze you", in the presence of the black P.T.S. driver and the same Jailer, also, Green had put on black leather gloves in anticipation of using force on Smith if he refused his order.

37. Smith stated "I want to talk to the Sheriff (def. No. 2) Green said "he's in the garage waiting on you"; so Smith under great provocation and fear of imminent harm in his current condition was forced to chain-up and load on the P.T.S. van. On 09/15/19, with 8 others.

38. Upon exiting the Jail by the garage exit (def No. 2) Lance Bonds, approached Smith, and asked "what was the problem"; Smith stated "there's a mistake in my extradition papers if you delay my Transport to tomorrow (monday) court records will display "my oral pronouncement" was I'm fighting extradition also, I have a suit pending against P.T.S. in federal court in Nashville TN. for wrecking with me; and I'm in no condition to be placed in an all steel van shackled + chained with my injuries, Bonds merely stated "I'll check into it", and told me to load up.

pg. 11 of 14

COMPLAINT

39. Smith claims defendants NO. 2, NO. 3, and NO. 4 acted in concert with each other to deprive him of his civil rights while acting under color of state law and of office, with a reckless callous disregard for the welfare and safety of Smith causing Smith to suffer more pains, punishment(s) and penalty than allowed by law.

RELIEF

40. Wherefrom, Plaintiff seeks the following relief from this court... as numerated and set forth below.

a). Plaintiff seeks a declaratory judgment on his behalf that defendants Jail based deprivations violated Smith's rights as guaranteed by the 1st, 5th, and 14th amendments to the U.S. Constitution.

b) That def. NO. 3 deputy Green subjected Smith to arbitrary forms of retaliation to chill his exercise of filing grievances and access to the courts, violative of Smith's right under the 1st and 14th amendments to the U.S. Constitution, which encompasses a functioning grievance procedure and system, at the Jail.

c) Plaintiff seeks compensatory damages in the fair sum amount of $250,000 dollars in U.S. currency against each defendant jointly and severally.

will smith

(CONTINUED)

pg. 12 of 14

pg. 13            <u>RELIEF</u>
continued...at,

d) Plaintiff seeks punitive damages for his pain and suffering as a direct and proximate result of defendants No.2, No.3 and No.4's actions, or intentional omissions, and arbitrary forms of retaliation for good cause should proceed to civil Jury Trial for proper determination of fact and degree of harm and injury.

e) Plaintiff seeks and preliminary order for a fed civ. Rule 16.1, and R.16.2. pretrial (video) conference and pretrial scheduling order be issued under R.Civ. P. 16(b), for completion of discovery deadlines. [Smith will return to Arkansas on 03/05/20]

f. Plaintiff seeks all cost/fees be assessed against defendant, with exception of plaintiff's filing fee.

g). Plaintiff seeks any relief this Court deems as appropriate and equitable. IT IS SO PRAYED THIS ___ DAY OF January, 2020. under the penalty of perjury (18 USC. §1621)

                           Respectfully Submitted

         Plaintiff    WILLIAM E. SMITH pro se:

Pg 13 of 14

pg. 14

## CERTIFICATE OF SERVICE

I hereby certify that on 23 day of January 2020, I mailed my original civil complaint, and amended civil complaint, along with my Informa pauperis petition to the Clerk of the U.S. District Court Western District of Arkansas at... 30 S. 6th Street Room 1038, Fort Smith, AR. 72901-2437. For filing, upon the Clerk's office docketing this pleading, Notice of this filing will be sent through the court's E.C.F. electronic Court filing system to all parties that are represented by attorneys who are registered users of the P.B.F. E.C.F. system as provided for in Fed. R. Civ. P. 5(b)(2)(E).

A copy of this pleading will be mailed by the clerk to all parties due to plaintiff's indigent status, at. [defendants NO. 1, NO. 2, NO 3, and NO. 4], at...

1. Stone County Sheriff Dept. 1009 Sheriff's Drive Office Mountain View, AR. 72560

2. defendant No. 1, Judge Doe at: 221 Blanchard St. A Mountain View, AR. 72560

Respectfully Submitted

Plaintiff WILLIAM E. SMITH, pro se.
Be C.I. No.# 651930, P.O. Box 540
St. Clairsville Ohio, 43950.

pg. 14 of 14

PLTFS EXHIBIT A-1

# STONE COUNTY SHERIFFS DEPT
1009 SHERIFFS DRIVE
MOUNTAIN VIEW, AR. 72560-
Phone: (870) 269-3825  Fax: (870) 269-2299
(*RELEASE*)

| Booking# | Jacket# |
|---|---|
| 9493 | 8398 |
| Cell# | Locker# |
| D34 | 9 |

SMITH, WILLIAM E
551 BLUE SKY
MOUNTAIN VIEW, AR. 72560-
(870) 221-1674   Cell#: ( ) -

Social Security #: [redacted]   D.L.#: WV/   Date Of Birth: [redacted] (57)   Mittimus #: 0

Race: W   Sex: M   Height: 509   Weight: 150   Length:
Hair: BRN   Eye: HAZ   Complexion: FAI   Hispanic: U   Beard: Y
Mustache: Y   Glasses: Y   Dominant Hand:   Military Agency:   Gang: NONE
Religion:   Marital Status: S   Place Of Birth: HUNTINGTON   Escape Risk: N
Country: USA   Diet Restriction:   Citizen: Y   # Of Children:
Features:
Aka:                                                                                     ATN#:
Employer:                                      Work Phone: ( ) -                          SID#:
Kin Name: LOUIS HONEYCUT                       Relationship: GIRLFRIEND                   FBI#:
Address:
Phoned Who:                                    Phone #: ( ) -              Case/OCA#:
→ Intake Date: 9/7/2019   Time: 13:39          Intake Officer: MMCK - MCKENZIE, MICHAEL
Arrest Date: 9/7/2019    Time: 12:24           Officer: MURPHY JASON
                                               Searching Officer: MMCK - MCKENZIE, MICHAEL
Arresting Agency: ASP                          Transporting Agency: MURPHY JASON          Location:
Bond Description:                                                                         Bond Amt: 137
Vehicle Towed By:           Agency Responsible: SCSO - STONE COUNTY SHERIFF DEPARTMENT
CR#:                         Prison #:              Inmate Class: 2           Suicide Watch: N
Holders:
Trustee: N   Mental Illness: N   Sex Offender: N   Weekender: N           Violent: N
→ Release Date: 9/15/2019   Time: 18:04   Officer ID: SGRA-GRAVES, STEVEN
Released (ror/to):   Released To:                                 Out Weight:   Total Bookings: 1
Bond Out Type: TR   Disposition:                                  Bond By:
Transporting Officer:
Inmate _____   C/O _____

| CHARGE | DESCRIPTION | TERMS | BOND | WARRANT | CT | DATE | TIME | DEPT |
|---|---|---|---|---|---|---|---|---|
| 27-16-602A | NO DRIVERS LICENSE [1 | | 137 | | | / / | | SCSO |
| 7-77-777 | HOLD FOR OTHER AGENCY [1 | | 0 | | | / / | | SCSO |




Plt's Exhibit A-2



# Adult Parole Authority

# Notice of Findings of Release Violation Hearing

| Name: | Offender #/ICOTS #: | Date: |
|---|---|---|
| William Smith | A-651930 | Oct 21, 2019 |
| Location: CRC | | |

**I. This is to advise you that you were charged with the following release violation(s) as written in the Notice of Release Violation Hearing Form.**

RULE 2 Since on or after 12-6-2017, you have failed to report to the Adult Parole Authority (APA) as directed.

RULE 2 Since on or after 12-6-2017, you failed to advise the Adult Parole Authority (APA) as to the place of your residence.

RULE 3 Since on or about 9-7-2019, you were in the state of Arkansas without the written permission of the Adult Parole Authority (APA).

DRC 3326 E (Rev. 10/17)    DISTRIBUTION: Original - VSP Officer  Copies To - Unit, Jail/Reception Center, Offender

# IN THE COURT OF CLAIMS OF OHIO
## CLAIM FORM
### AMENDED

**2019-01110**

Case Number _____

for Court use only

**CLAIMANT:**

(1) William E. Smith
   claimant's first and last name

(2) 02/28/1961
   date of birth

(3) C.R.C. 11271 St Rt. 762 P.O. 300
   street address

(4) Orient    Ohio    43146
   city       state    zip

(5) (870) 221-1676 (cell)
   telephone       area code

(6) N/A
   Email address

NOTE: If you move or change telephone numbers you must give the Court written notice of the new address or telephone number. Your case may be DISMISSED if the Court cannot contact you.

**STATE AGENCY OR DEPARTMENT:**

(7) OHIO DEPARTMENT OF REHABILITATION/CORRECTION AND DIVISION ADULT PAROL AUTHORITY
   defendant state department, board, commission, etc

(8) 4556 Fisher Rd. Ste D.
   street address

(9) Columbus   Ohio,   43228
   city         state    zip

(10) Location where injury, damage, or loss occurred, Various institutions within Ohio Department of Corrections over a (25) year span. (Records display)

(11) Date and time when injury, damage, or loss occurred, as a result of vindictive prosecution, from 1992 to 2016 termination of crim. case No. 92-CR-626, and Inmate No. 273-391.

(12) Describe in ordinary language the basis of the claim. In (1992) Plaintiff claims he was charged, indicted and maliciously prosecuted as a direct and proximate result of the Richland Co. prosecuting attorney's office false reference to an Ohio grand jury

FILED COURT OF CLAIMS OF OHIO  2019 DEC -2 AM 11:07